## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/10/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

| | |
|---|---|
| **ELIZABETH CHURCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No:** |
| **v.** ) | 6:23CV00045 |
| ) | |
| **RUBY TUESDAY OPERATIONS LLC,** ) | **JURY TRIAL DEMANDED** |
| **Serve: C T Corporation System** ) | |
| **4701 Cox Road Ste 285** ) | |
| **Glen Allen, VA  23060-6808** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff Elizabeth Church, by counsel, comes before this Court to file this Complaint against Defendant Ruby Tuesday Operations, LLC (hereinafter "Ruby Tuesday"), and as grounds therefore states as follows:

### PARTIES

1.      Ruby Tuesday Operations, LLC is a Delaware limited liability company doing business in the Commonwealth of Virginia and elsewhere.

2.      Elizabeth Church is a female resident of the Commonwealth of Virginia.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter as it arises from the federal questions presented by Title VII of the Civil Rights Act of 1964. 28 U.S.C. § 1331; 28 U.S.C. § 1343(a).

4.      This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the acts and/or omissions giving rise to Plaintiff's Virginia Code §§ 2.2-3900, *et seq.* claims arose from the same basis of operative facts and same controversies under the law.

Pursuant to 28 U.S.C. § 1367(a), these claims are so related to claims involving original jurisdiction that they form part of the same case or controversy.

5.    Due to its contacts within the Commonwealth of Virginia, Ruby Tuesday avails itself to the jurisdiction of this Court.

6.    Venue is appropriate as the acts and/or omissions of Ruby Tuesday from which the causes of action arise occurred in Bedford County, Virginia, which is within the Western District of Virginia, Roanoke Division.  *See* 28 U.S.C. § 1391(b)(2).

7.    Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission on September 19, 2022 (Charge No. 438- 2022-02078), received a Notice of Right to Sue dated May 19, 2023, which is attached hereto as Exhibit A, and files this action within 90 days of receipt of that notice. Plaintiff timely filed a complaint with the Virginia Office of Civil Rights on September 19, 2022, received a Notice of Right to File a Civil Action dated July 24, 2023, which is attached hereto as Exhibit B, and files this action within 90 days of receipt of that notice.

**FACTS**

8.    Elizabeth Church was hired to work for Ruby Tuesday on or about March 20, 2017, as a server at Ruby Tuesday's Bedford, Virginia location.

9.    Ms. Church was a diligent and hardworking employee.

10.    On or about August 21, 2020, Ms. Church was promoted to Assistant General Manager.

11.    In her role as Assistant General Manager, Ms. Church received excellent reviews and a raise.

12.    After being promoted to Assistant General Manager, Ms.  Church became a

target of sexual harassment.

13.    For example, in August 2020, one of the cooks, Erick Anderson, began to sexually harass Ms. Church on a regular basis.

14.    Within the first 3 months after Ms. Church's promotion to Assistant General Manager, Mr. Anderson lifted Ms. Church's shirt and remarked, in regard to Ms. Church's tattoo that was exposed when he lifted her shirt, "Oh my God, that is so sexy."

15.    Although Ms. Church told Mr. Anderson not to touch her, he would not listen and continued the sexually harassing behavior.

16.    For example, from approximately August 2020 through November 2021, Mr. Anderson repeatedly removed pens from Ms. Church's breast pocket, replaced the pens into Ms. Church's breast pocket, adjusted Ms. Church's shirt, touched the small of Ms. Church's back, and touched Ms. Church's buttocks.

17.    In approximately September-October 2021, Mr. Anderson climbed up on a ladder behind Ms. Church and pressed his penis to Ms. Church's backside.

18.    In late October of 2021, Mr. Anderson tried to shove a key in Ms. Church's pants pocket, sliding his hand over and touching her entire vaginal area. Other employees witnessed this incident and commented to Ms. Church about it.

19.    Because Mr. Anderson's behavior was escalating, and Mr. Anderson would not stop touching Ms. Church even though she told him to stop, Ms. Church reported Mr. Anderson's sexually harassing behavior to the General Manager, Brooke Shipley.

20.    When Ms. Church reported Mr. Anderson's sexually harassing behavior to Manager Shipley, Manager Shipley laughed at Ms. Church when Ms. Church was detailing the occasion on which Mr. Anderson climbed up on a ladder behind Ms. Church and pressed his

penis to Ms. Church's backside.

21.    In November 2021, Ms. Church met with Manager Shipley and Mr. Anderson to discuss the harassment. Initially, Mr. Anderson admitted to most of the harassment, but he attempted to excuse his behavior by claiming it was just his personality. When Mr. Anderson questioned how he was supposed to change his personality, Ms. Church responded, "Just don't touch people." Mr. Anderson became defensive and hostile, and, as a result, Manager Shipley ended the meeting.

22.    Thereafter, Manager Shipley scheduled Ms. Church on more, not less, shifts with Mr. Anderson.

23.    Mr. Anderson continued to discriminate and retaliate against Ms. Church, calling her derogatory and discriminatory names such as "bitch," "whistleblower," and "drama queen."

24.    When Mr. Anderson was not referring to Ms. Church by a derogatory name, he would blatantly ignore Ms. Church, including not responding to her when she asked necessary work-related questions to perform her job duties.

25.    Also, to demonstrate that Ms. Church had no control over Mr. Anderson, Mr. Anderson left his shifts early without approval; Mr. Anderson only left early without approval on Ms. Church's shifts.

26.    Ms. Church reported the discriminatory and retaliatory behavior to Manager Shipley.

27.    Rather than address the discrimination and retaliation, Manager Shipley informed Ms. Church that she was being "over-sensitive" and "difficult." When Ms. Church stated, "I honestly just expect to come to work and not be bullied at 9am and I don't feel like

that is too much to ask," Manager Shipley responded, "You honestly just need to get over it."

28.    Manager Shipley admitted to Ms. Church that Manager Shipley did not notify Human Resources of Ms. Church's report.

29.    Due to Manager Shipley's inactions, the discrimination and retaliation relentlessly continued.

30.    Moreover, Ms. Church learned that rather than receiving discipline, Manager Shipley instead planned to promote Mr. Anderson to Shift Leader.

31.    When Ms. Church expressed her extreme concern regarding promoting Mr. Anderson to Shift Leader given his repeated history of sexually harassing and retaliating against female employees, Manager Shipley informed Ms. Church that she was overruling Ms. Church as the restaurant was understaffed, claiming that Manager Shipley had no other options.

32.    Consequently, Ms. Church arranged for a meeting to speak with District Manager Andrew Chambers, who was Manager Shipley's boss.

33.    Ms. Church met with District Manager Chambers on or about June 2, 2022, and reported the discrimination and retaliation, providing a verbal and written report.

34.    Ms. Church also stressed to District Manager Chambers her concern for the safety of the other females, some who were minors, employed at Ruby Tuesday.

35.    When Manager Shipley learned that Ms. Church spoke with District Manager Chambers, Manager Shipley told Ms. Church that she had "no business" going to Manager Shipley's boss.

36.    Moreover, District Manager Chambers took no action to stop the discrimination and retaliation, either.

37.    According to District Manager Chambers, he did not file or even keep a copy of Ms. Church's written statement.

38.    Unable to endure the never-ending harassment and retaliatory hostile work environment, which management refused to stop, and which was negatively impacting Ms. Church's mental health, Ms. Church was constructively discharged effective June 19, 2022.

39.    Other female employees have endured and reported sexual harassment while working at Ruby Tuesday.

40.    Despite numerous reports, Ruby Tuesday did not act after their reports, either.

41.    For example, in early 2022, several female employees reported that a dishwasher was sending the female employees penis pictures. The female employees reported this to Manager Shipley, but Manager Shipley took no actions to stop the harassment. Notably, Manager Shipley was engaging in a sexual relationship with this dishwasher at the time. Many of the female employees quit after Manager Shipley took no action to correct the sexually harassing photos that each received.

42.    Similarly, a female host reported inappropriate text messages from a cook that made her feel uncomfortable. The host brought the messages to the attention of Manager Shipley, who told the host that it was "her fault" for answering.

43.    Ms. Church eventually learned that many of these female employees quit as a result of enduring harassment that went unaddressed by Ruby Tuesday; yet, at the time the employees quit, Manager Shipley did not disclose this to Ms. Church, and, instead, Manager Shipley was not truthful with Ms. Church about the reasons the employees quit.

44.    In conclusion, Ruby Tuesday has participated in, and permitted, a culture of discrimination and a hostile work environment to exist against Ms. Church, and other women,

on the basis of Ms. Church's gender, female, and has retaliated against Ms. Church, including

creating and permitting a retaliatory hostile work environment, for making complaints

concerning the discrimination, harassment, and retaliation, all in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* and the Virginia Human Rights Act, Va.

Code §2.2-3900, *et. seq.*

**COUNT I:  TITLE VII SEX HARASSMENT/HOSTILE WORK
ENVIRONMENT/GENDER DISCRIMINATION**

45.    Plaintiff incorporates by reference herein the preceding paragraphs of this

Complaint.

46.    At all times material hereto, Ruby Tuesday Operations, LLC is and was a

"person" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(a). At all times

material hereto, Ruby Tuesday Operations, LLC was an "employer" within the meaning of Title

VII, Section 701, 42 U.S.C. § 2000e(b). Plaintiff, at the times relevant, was an "employee" of

Ruby Tuesday Operations, LLC within the meaning of Title VII, Section 701, 42 U.S.C. §

2000e(f).

47.    Defendant had a duty to maintain a work environment free of sex discrimination

and harassment.

48.    Defendant's actions and inactions created a hostile and offensive work

environment to Plaintiff and other female employees that interfered with Plaintiff's work.

49.    Defendant knew or should have known of the hostile work environment and failed

to take prompt remedial action reasonably calculated to end the harassment.

50.     Defendant further discriminated against Plaintiff in violation of federal law in that Defendant discriminated against Plaintiff by constructively discharging Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer loss of employment, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

52.     At all times material hereto, Defendant engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of punitive damages.

53.     The above-described acts of Defendant constitute sex harassment, hostile work environment, and discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*

## COUNT II: TITLE VII RETALIATION

54.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

55.     At all times material hereto, Ruby Tuesday Operations, LLC is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(a). At all times material hereto, Ruby Tuesday Operations, LLC was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(b). Plaintiff, at the times relevant, was an "employee" of Ruby Tuesday Operations, LLC within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(f).

56.     Defendant had a duty to maintain a work environment free of retaliatory harassment.

57.    Defendant's actions and inactions created a retaliatory hostile and offensive work environment.

58.    Defendant knew or should have known of the retaliatory hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

59.    Defendant further violated federal law when it retaliated against Plaintiff by constructively discharging Plaintiff on the basis of her complaints of sex discrimination, retaliation, and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

60.    As a result of Defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life, and other non-pecuniary loss.

61.    Defendant acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of punitive damages.

62.    The above-described acts of Defendant constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*

### COUNT III: SEX HARASSMENT/HOSTILE WORK ENVIRONMENT/GENDER DISCRIMINATION IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT

63.    Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

64.    Pursuant to Virginia Code § 2.2-3905(B), "It is an unlawful discriminatory practice for: (1) An employer to: a. Fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's … sex…; or b. Limit, segregate, or classify employees or applicants for employment in any way that would deprive or tend to

deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee, because of such individual's … sex…"

65.    Defendant had a duty to maintain a work environment free of sex discrimination and harassment.

66.    Defendant's actions and inactions created a hostile and offensive work environment to Plaintiff, and other female employees, that interfered with Plaintiff's work.

67.    Defendant knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

68.    Defendant further discriminated against Plaintiff in violation of state law in that Defendant discriminated against Plaintiff by constructively discharging her employment on the basis of her gender in violation of Virginia Code § 2.2-3905.

69.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer loss of employment, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

70.    At all times material hereto, Defendant engaged in a discriminatory practice or practices with malice or reckless indifference to the protected rights of Plaintiff so as to support an award of punitive damages.

71.    The above-described acts of Defendant constitute sex harassment, hostile work environment, and discrimination, all in violation of Virginia Code § 2.2-3905.

72.    Pursuant to Virginia Code § 2.2-3908, "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the

defendant from engaging in such practice, or order such affirmative action as may be appropriate."

## COUNT IV: RETALIATION IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT

73.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

74.     Pursuant to Virginia Code § 2.2-3905(B), "It is an unlawful discriminatory practice for: … (7)(i) An employer to discriminate against any employee … because such individual has opposed any practice made an unlawful discriminatory practice by this chapter …."

75.     Defendant had a duty to maintain a work environment free of retaliatory harassment.

76.     Defendant's actions and inactions created a retaliatory hostile and offensive work environment.

77.     Defendant knew or should have known of the retaliatory hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

78.     Defendant further violated state law when it retaliated against Plaintiff by constructively terminating her employment on the basis of her complaints of sexual harassment retaliation, and discrimination in violation of the Virginia Human Rights Act.

79.     As a direct and proximate result of Defendant's actions, Ms. Church has suffered and will continue to suffer pecuniary loss, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

80.    Defendant acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of punitive damages.

81.    Pursuant to Virginia Code § 2.2-3908, "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate."

WHEREFORE, Plaintiff Elizabeth Church prays for judgment against Defendant Ruby Tuesday Operations, LLC, and for equitable relief, injunctive relief, lost wages and benefits, front wages and benefits, compensatory damages, punitive damages, together with prejudgment interest from the date of constructive discharge of Plaintiff's employment, post judgment interest, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

ELIZABETH CHURCH

/s/ Brittany M. Haddox
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB # 65766)
Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
Telephone: (540) 283-0802
Tel:  540-283-0802

12

brittany@strelkalaw.com
monica@strelkalaw.com
thomas@strelkalaw.com
leigh@strelkalaw.com
     *Counsel for Plaintiff*